FILED
June 15, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:        SAJ
                Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Case No: SA:22-CR-00327-XR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>(1) BRYAN ADAMSON<br>A/K/A SHOWTIME A/K/A TIME<br>BANDIT A/K/A HOMETIME A/K/A<br>MONEY BOY<br><br>(3) FREDI ZAGALA-SERVIN<br>A/K/A LOCO<br><br><br><br>Defendants | **INDICTMENT**<br><br>COUNT ONE:  8 U.S.C. § 1324(a)(1)(A)(v)(I)/ (B)(i)<br>Conspiracy to Transport Illegal Aliens<br><br>COUNT TWO: 8 U.S.C. § 1324(a)(1)(A)(ii)/ (B)(i)<br>Transportation of Illegal Aliens<br><br>COUNT THREE: 8 U.S.C. § 1324(a)(1)(A)(ii)/ (B)(i)<br>Transportation of Illegal Aliens<br><br>COUNT FOUR: 8 U.S.C. § 1324(a)(1)(A)(ii)/ (B)(i)<br>Transportation of Illegal Aliens |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[8 U.S.C. § 1324(a)(1)(A)(v)(I)/(B)(i)]

Beginning on or about May 6, 2021 and continuing up to the date of indictment, in the Western District of Texas, Defendants,

(1) BRYAN ADAMSON,
(2) RONNIE JOE BRANCH,
(3) FREDI ZAGALA-SERVIN,
(4) SEDRICK ZELITIS SMITH,
(5) ELISEO LOREDO,
(6) RODNEY EDWARD SHAVERS,
(7) NORMAN LEE WALKER, JR., and
(8) MARK ALGIE HOLLIDAY

did knowingly and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit the following offense against the United States: to transport and move, and attempt to transport and move, by means of transportation or otherwise, aliens who entered and remained in the United States in violation of law, knowing and in reckless disregard of the fact that said aliens came to, entered, and remained in the United States in violation of law, and in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I)/(B)(i).

## COUNT TWO
## [8 U.S.C. § 1324(a)(1)(A)(ii)/(B)(i)]

On or about August 26, 2021, in the Western District of Texas, Defendant,

### (6) RODNEY SHAVERS

did, knowingly and in reckless disregard of the fact that certain aliens have come to, entered and remained in the United States in violation of law, willfully and unlawfully transport and move, and attempted to transport and move, by means of transportation or otherwise, in furtherance of such violation of law, certain aliens within the United States, for the purpose of financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii)/(B)(i).

## COUNT THREE
## [8 U.S.C. § 1324(a)(1)(A)(ii)/(B)(i)]

On or about April 15, 2022, in the Western District of Texas, Defendant,

### (7) NORMAN LEE WALKER, JR.

did, knowingly and in reckless disregard of the fact that certain aliens have come to, entered and remained in the United States in violation of law, willfully and unlawfully transport and move, and attempted to transport and move, by means of transportation or otherwise, in furtherance of such

violation of law, certain aliens within the United States, for the purpose of financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii)/(B)(i).

## COUNT FOUR
### [8 U.S.C. § 1324(a)(1)(A)(ii)/(B)(i)]

On or about April 28, 2022, in the Western District of Texas, Defendant,

### (8) MARK ALGIE HOLLIDAY

did, knowingly and in reckless disregard of the fact that certain aliens have come to, entered and remained in the United States in violation of law, willfully and unlawfully transport and move, and attempted to transport and move, by means of transportation or otherwise, in furtherance of such violation of law, certain aliens within the United States, for the purpose of financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii)/(B)(i).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* FED. R. CRIM. P. 32.2]
### I.
### Transportation of Aliens Violation and Forfeiture Statutes
[Title 8 U.S.C. §§ 1324 (a)(1)(A)(v)(I), (B)(i), (a)(1)(A)(ii) and (B)(i) subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(6)(A) and Title 8 U.S.C. § 1324(b), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations, the United States gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and as part of any sentence pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 982(a)(6)(A) and Title 8 U.S.C. § 1324(b), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state, in pertinent part, the following:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a) . . . of the Immigration and Nationality Act . . . shall order that the person forfeit to the United States, regardless of any provision of State law—
> > **(i)** any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and
> > **(ii)** any property real or personal—

    **(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or

    **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

    **Title 8 U.S.C. § 1324. Bringing in and harboring certain aliens**
(b) Seizure and forfeiture.
    (1) In general. Any conveyance…that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

This Notice of Demand for Forfeiture includes but is not limited to the property described below:

Real Property Located At **234 Yale Blvd. Glenn Heights, Texas 75154,** with all buildings, appurtenances, and improvements, thereon and any and all surface and sub-surface rights and interests, if any, and being more fully described as:

Being Lot 2, Block H of Heritage Heights, Section 2, A Subdivision In the City of Glenn Heights, Dallas County, Texas, According to the Plat Thereof Recorded In Volume 98028, Page 422, Map Records, Dallas County, Texas; and

Real Property Located At **9077 County Road 4116, Kaufman, Texas 75142,** with all buildings, appurtenances, and improvements, thereon and any and all surface and sub-surface rights and interests, if any, and being more fully described as:

All that certain lot, tract or parcel of land situated within the Thomas Lowry Survey, Abstract No. 285, Kaufman County, Texas, same being a part of "Tract 1" of the land conveyed to Kaufman County Land Trust in Volume 5772, Page 265, Official Public Records of Kaufman County, Texas and being more particularly described as follows:

BEGINNING at a 1/2 inch iron steel rod set and capped "Vogt 5248" for corner in the southeast right-of-way of County Road 4116, from which the easterly most comer of said "Tract 1" bears South 86 degrees 39 minutes 07 seconds East at 1951.12 feet for witness;

THENCE South 84 degrees 08 minures 00 seconds East, with the southeast right-of-way of County Road No. 4116, 12.78 feet to a 1/2 inch steel rod set and capped "Vogt 5248" for corner;

4

THENCE South 84 degrees 45 minutes 09 seconds East, with the southeast right-of-way of County Road No. 4116, 66.93 feet to a 1/2 inch steel rod set and capped "Vogt 5248" for corner;

THENCE South 05 degrees 14 minutes 51 seconds West, 369.00 feet to a 1/2 inch steel rod set and capped "Vogt 5248" for corner;

THENCE South 10 degrees 56 minutes 58 seconds West, 1145.41 feet to a 1/2 inch steel rod set and capped "Vogt 5248" for corner;

THENCE North 44 degrees 43 minutes 32 seconds West, 720.27 feet to a 1/2 inch steel rod set and capped "Vogt 5248" for corner;

THENCE North 38 degrees 19 minutes 17 seconds East, 809.31 feet to a 1/2 inch steel rod set and capped "Vogt 5248" for corner;

THENCE South 84 degrees 08 minutes 00 seconds East, 140.00 feet to a 1/2 inch steel rod set and capped "Vogt 5248" for corner;

THENCE North 05 degrees 52 minutes 00 seconds East, 369.00 feet to the Point of Beginning and containing 10.26 acres of land, more or less.

## II.

## Money Judgment

**Money Judgement:** A sum of money which represents the proceeds obtained, directly or indirectly, or which represents the value of property used to facilitate or intended to be used to facilitate the violations set forth in the Counts referenced above for which each defendant is solely liable.

## III.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of the money judgment, as substitute assets, pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

███████████████
FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
FOR AMANDA C. BROWN
Assistant United States Attorney